Eastern District of Kentucky
F I L E D

MAR 0 2 2007

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 04-505-KSF

HOTWORK-USA, LLC,                                                    PLAINTIFF

V.                    **MEMORANDUM OPINION AND ORDER**

EXCELSIUS INTERNATIONAL, LTD., ET AL.,                        DEFENDANTS

\* \* \* \* \* \* \* \* \* \*

## I. INTRODUCTION

Plaintiff, Hotwork-USA LLC ("Hotwork") commenced this action against ExCelsius International Ltd. ("ExCelsius"), ExCelsius International Gmbh ("ExCelsius Gmbh"), Shaun Ahern ("Ahern"), and Frank Schwarzenau ("Schwarzenau") (all foreign nationals) for breach of contract relating to a Franchise Agreement dated June 1,2003 (the "Franchise Agreement"); misappropriation of confidential know-how, trade secrets, and information; unfair competition; conversion; false designation of origin, false or misleading description of fact, and false or misleading representation of fact; and civil conspiracy. Pursuant to the Franchise Agreement, Hotwork granted to ExCelsius the exclusive right to establish "Hotwork Business Services" in a territory including Europe, Africa, the Middle East (comprised of Israel, Jordan, Syria, Lebanon, Saudi Arabia, UAE, Qatar, Kuwait, Iraq, Iran, Yemen, Afghanistan, Pakistan, India, and all countries that make up the former USSR, for the sole purpose of utilizing Hotwork's Business Services[1], and to utilize Hotwork's Business Services systems in conducting a franchise.

---

[1] The Hotwork Business Services is a system for providing, in an efficient manner, high-quality heat-up and related services. The business includes: (1) the use of portable combustion equipment for the purpose of refractory dry-out/furnace heat-up services in all industrial applications; (2) glass furnace draining/tapping and including hot water recycling during the process thereof; (3) fuel fired post-weld heat treatment of metallic structures/furnaces, vessels, etc.; and (4) heat curing of resin-bonded, acid-resistant and/or painted-in-place linings in industrial applications such as ship holding tanks, storage tanks, industrial chimneys, etc.

For the reasons stated in the Order of September 16, 2006, the district court construed plaintiff's filing styled "Submission of Evidentiary Declarations and Proposed Findings of Fact and Conclusions of Law" to be a motion for entry of default judgment and to assess damages. The district court granted in part this construed motion for default judgment, and this matter is scheduled for a hearing solely on the issue of plaintiff's damages and for entry of final judgment on March 26, 2007.

This matter is before the court on the motion of defendants ExCelsius, ExCelsius Gmbh, and Schwarzenau to compel discovery from plaintiff Hotwork.[2]

## II. DEFENDANTS' MOTION TO COMPEL DISCOVERY

In defendants' motion to compel discovery from Hotwork, they seek an Order compelling Hotwork to provide documents and information responsive to Defendants' Interrogatory Nos. 1, 3, 6, and 7 and to Defendants' First Set of Requests for Production of Documents Nos. 13 and 17. Defendants also seek the production of all documents that would have been protected by the attorney/client privilege on the grounds that Hotwork has waived the attorney/client privilege as to all such privileged documents. Defendants further request the continuation of Hotwork's Rule 30(b)(6) deposition.

In support of their motion to compel, defendants contends that Hotwork's responses to various discovery requests at issue are inadequate. On the other hand, Hotwork objects to defendants' motion to compel, asserting that defendants' motion to compel is without merit and should be denied.

In considering this matter, the Magistrate Judge is mindful of the scope of discovery permitted by Fed.R.Civ.P. 26, subsequent to the 2000 amendment thereto, which permits "discovery

---

[2] Pursuant to numerical ¶ 13 of the district court's Scheduling Order entered herein on June 23, 2005, all discovery disputes were referred to the Magistrate Judge for resolution. [DE #23].

regarding any matter, not privileged, that is relevant to the claim or defense of any party, . . ." Each

component of defendants' motion to compel discovery is considered below, in seriatim.

**A.    Motion to compel Hotwork to provide supplemental answers to Defendants' First Set of Interrogatories.**

The Interrogatories that are the subject of this motion to compel are Interrogatory Nos. 1, 3,

6, and 7. These Interrogatories and Hotwork's answers thereto are set out below:

> **INTERROGATORY NO. 1:** Identify and describe in detail all damages Plaintiff claims against Defendants in this matter, including but not limited to, all expenses Plaintiff has incurred or reasonably expects to incur for which it hopes to recover from Defendants at trial. Such description should include, but is not limited to, the amount of damages claimed, the applicable legal basis for such damages and the methods used to calculate such damages.
>
> **RESPONSE:** See attached charts setting forth claimed damages and the basis for calculation.

In support of their motion to compel Hotwork to supplement its answer to this Interrogatory,

defendants assert that the two charts which Hotwork has provided as its answer thereto are virtually

incoherent and do not provide a comprehensible or satisfactory explanation of Hotwork's claimed

damages as requested in this Interrogatory.

In response, Hotwork points out that with the entry of default judgment against the

defendants, the only remaining issue in this case is the amount of plaintiff's damages and that the

factual and legal bases for its damages are contained in the Amended Complaint and are further

explained in its Proposed Findings of Fact and Conclusions of Law which have been filed of record

[DE #37]. Given such detailed information already in the record concerning its theories of recovery

and basis for its claimed damages, Hotwork asserts that its answer to Interrogatory No. 1 was more

than adequate and need not be supplemented.

In reply, defendants counter that plaintiff's Amended Complaint does not contain any

damages calculations and that the Proposed Findings of Fact and Conclusion of Law are also

inadequate as a response to Interrogatory No. 1 because, as one example, the Proposed Findings fail

to describe the source of the total sales numbers used to reach the conclusion that defendants

3

underpaid the franchise royalties by $23,110 in the first year of the Franchise Agreement. Defendants also note that while Hotwork, in its response, explained that the "Exchange rate" used in the spreadsheet is an average, the spreadsheet itself does not state that the Exchange rate used is an average.

It appears from Hotwork's response that Hotwork desires to adopt its Proposed Findings of Fact and Proposed Conclusions of Law as a supplemental answer to Interrogatory No. 1. The Magistrate Judge concludes that Hotwork should be permitted to adopt these Proposed Findings of Fact and Proposed Conclusions of Law as a supplemental answer to this interrogatory. In view of the detailed information contained in Hotwork's Proposed Findings of Fact and Proposed Conclusions of Law, and in view of Hotwork's response to the motion to compel, the Magistrate Judge concludes that Hotwork has clearly set out what it believes its damages to be. Therefore, the Magistrate Judge concludes that Hotwork need not further supplement its answer to Interrogatory No. 1, with the exception that it provide defendants with the source of the total sales numbers used to reach the conclusion that defendants underpaid the franchise royalties by $23,110 in the first year of the Franchise Agreement, by $165,614 in the second year of the Franchise Agreement, and by $103,572 in the third year of the Franchise Agreement.

> **INTERROGATORY NO. 3:** Identify all experts the Plaintiff or Plaintiff's attorney have retained and expect to testify in this matter (whether in person or by deposition) about the allegations the Plaintiff has asserted against the Defendants. With respect to each such individual, please identify the following:
>
> a.    The name, specialty, qualifications, job title, present address and telephone number;
> b.    The subject matter about which each such expert is expected to testify;
> c.    The facts and opinions about which each such expert is expected to testify;
> d.    A summary of the grounds upon which each such expert bases their opinion(s),
> e.    Whether such expert furnished you or your attorney with a written report; and
> f.    The name of all books, articles, treatises or other writings in which such expert has authored, co-authored or participated in writing.
>
> **RESPONSE:** Plaintiff has not "retained" any expert that is expected to testify. It is noted, however, each of Michael Hartley, Irvin Cobane and Larry Drake may offer testimony within the scope of Rules 701 and 702 of the Federal Rules of Evidence.

4

In support of their motion to compel Hotwork to supplement its answer to this Interrogatory, defendants assert that even assuming *arguendo* that Hotwork was not obligated to provide any additional information about the individuals identified in response to this interrogatory, since the identified witnesses are exempt from Rule 26(a)(2)(B)'s expert report disclosure requirement due to their status as employees who do no regularly provide expert testimony, Hotwork is nevertheless obligated to answer the interrogatory that was asked and that Hotwork's position in this matter ignores its obligation to answer an interrogatory regarding expert discovery.

In response, Hotwork submits that since it has not "retained" any experts, it is not obligated to supplement its answer to this interrogatory; the three witnesses identified in Hotwork's answer to this interrogatory are employees.

In reply, defendants point out that Hotwork's response ignores numerical paragraph 13 of the Definitions and Instructions section of the First Set of Interrogatories, which provides, in relevant part, as follows:

13.    When construing any words or terms used herein, unless otherwise indicated:

a. "And/or" should be interpreted as conjunctive and disjunctive, so as to be inclusive.

b. The disjunctive includes the conjunctive and vice versa; "and" includes "or" and vice versa.

Defendants' First Set of Interrogatories to Plaintiff, p. 4.

Since "and" includes "or," defendants argue that Hotwork is obligated to supplement its answer to this interrogatory because the interrogatory requested detailed information about those experts expected to testify in this matter.

Based on numerical paragraph 13 of the Definitions and Instructions section of defendants' First Set of Interrogatories to Plaintiff, the Magistrate Judge concludes that Interrogatory No. 3 must be construed to request detailed information concerning those experts Hotwork has retained and/or expects to testify in this matter. Since Hotwork states that it expects Michael Hartley, Irvin Cobane, and Larry Drake to offer testimony within the scope of Rules 701 and 702 of the Federal Rules of

5

Evidence, Hotwork is obligated to supplement its answer to this interrogatory by providing the information about these three individuals that is requested by this interrogatory.

> **INTERROGATORY NO. 6:** Identify every person or entity to whom, according to your information or belief, has been disclosed to [sic] any part of the contents of the CD ROM provided to the Plaintiff by Shaun Ahern and, for each person or entity, identify the parts of the CD ROM that you know or believe was disclosed to them.

> **RESPONSE:** Plaintiff objects to this interrogatory as being neither admissible on the issue of damages, nor likely to lead to the discovery of admissible evidence on the issue of damages.

In support of their motion to compel Hotwork to supplement its answer to this Interrogatory, defendants state that the CD ROM contains confidential business information that Ahern secretly copied from ExCelsius GmbH and disclosed to Hotwork. Defendants assert that Hotwork's acquisition and use of this CD ROM containing confidential and trade secret information of ExCelsius GmbH is relevant to Hotwork's entitlement to equitable relief in this case, since if Hotwork has acted inequitably by further disclosing the contents of this CD ROM to others, such conduct would reduce Hotwork's entitlement to equitable damages.

In response, Hotwork advises that the information contained on this CD ROM was not disclosed to anyone outside of this litigation and that it has only been disclosed to Mr. Hartley, Mr. Cobane, and Hotwork's counsel.

Based on Hotwork's response that it has not disclosed the information contained on this CD ROM to anyone other than Mr. Hartley, Mr. Cobane, and Hotwork's counsel, the Magistrate Judge concludes that this statement must be taken as true and should be considered as a supplemental answer to this interrogatory. Hotwork need not further supplement its answer to this interrogatory.

> **INTERROGATORY NO. 7:** Identify each and every trade secret the Plaintiff allegedly communicated to the Defendants in connection with the Franchise Agreement and, for each such trade secret: (a) state the facts upon which you base your contention that the information is a trade secret; (b) identify the person who communicated the information to the Defendants (including and (sic) indication of the medium of communication); (c) identify the efforts the Plaintiff made to create the trade secret information (or identify the documents pursuant to which the Plaintiff acquired the trade secret from others); and (d) state all facts upon which you base the allegation that the Defendants misappropriated the trade secret.

> **RESPONSE:** Plaintiff objects to this interrogatory as being neither admissible on the issue of damages, nor likely to lead to the discovery of admissible evidence on the issue of damages. Notwithstanding these objections and subject thereto, Plaintiff, without waiving the objections, notes that upon default, as has occurred in this case, factual allegations of the complaint, except those relating to damages, are taken as true. In this regard, it is further noted that the amended complaint indicates the trade secrets include Hotwork's techniques for performing its services, including techniques for temperature control of high temperature furnaces, high temperature processing vessels and other industrial equipment, optimization of equipment, costing and sourcing information, financial information, operating policies, and procedures.

In support of their motion to compel Hotwork to supplement its answer to this Interrogatory, defendants state that this interrogatory is relevant to damages because specific trade secrets must be identified before damages for their alleged misappropriation can be quantified. Defendants also assert that the information requested by this interrogatory is necessary to clarify otherwise contradictory testimony.

In response, Hotwork argues that defendants by this interrogatory are simply trying to relitigate the liability issues that were defaulted and that by reason of the default judgment entered in this case, the court, by reason of the default judgment, has found that trade secrets exist and that defendants have misappropriated them. Therefore, its response to Interrogatory No. 7 is more than adequate and need not be supplemented.

In reply, defendants reiterate that based on present information Hotwork has disclosed, they cannot confirm, challenge, or even quantify any damages based on an alleged misappropriation of trade secrets where, as here, they do not even know what trade secrets are at issue. Defendants insist that Hotwork never conveyed any trade secrets to them, but that they are entitled to know what Hotwork is claiming has been misappropriated.

The Magistrate Judge concludes that, out of an abundance of caution to defendants' rights, Hotwork should supplement its answer to Interrogatory No. 7 by simply identifying the trade secrets it claims defendants have misappropriated.

**B.   Requests for Production of Documents**

> **REQUEST NO. 13:** All documents that show, reflect or relate to Plaintiff's conduct of business in the geographic area defined in paragraph 2 of the Franchise Agreement as "Franchise Location/Territory," since the Plaintiff was organized/formed. This Request includes, but is not limited to, quotations, bids, proposals, contracts, engagements, invoices, solicitation of business (including advertising) and other commercial documents or correspondence.
>
> **RESPONSE:** Plaintiff objects to this request as being directed to subject matter that is neither admissible on the issue damages, nor likely to lead to the discovery of admissible evidence on the issue of damages.

In responding to defendants' motion to compel, Hotwork advises that irrespective of its objection to this Request, it agreed, in a telephone conference call with defendants' counsel prior to the telephone conference call with the Magistrate Judge on February 7, 2007, to reconsider its response to this Request and that prior to the filing of defendants' motion to compel, it produced documents responsive to this Request (subject to its continuing objection as to relevance); therefore, Hotwork states that defendants' motion to compel, as it concerns Request for Production No. 13 is moot.

In its reply, defendants acknowledge that with Hotwork's confirmation that it has produced all documents responsive to this Request, the motion to compel is moot.

> **REQUEST NO. 17:** All documents that show, reflect or relate to Plaintiff's use or disclosure of the material contained on the CD ROM that Plaintiff filed with the Court on or about September 11, 2006.
>
> **RESPONSE:** The only documents responsive to this request are the pleadings that had been filed in this litigation. These documents are as fully accessible to Defendants as to Plaintiff. Accordingly, no documents responsive to this request will be produced.

In support of its motion to compel, defendants submit that Hotwork has interpreted this request too narrowly in that the request seeks *all* documents that relate to Hotwork's use or disclosure of the material on the CD ROM (including, for instance, communications regarding any documents derived from the contents of the disc). Defendants assert that this request goes directly to Hotwork's entitlement to the equitable relief it seeks in this action.

In response, Hotwork advises that it has produced all of the documents in its possession, custody or control concerning and derived from the contents of the CD ROM, *i.e.*, the pleadings filed with the court and the spreadsheets produced in response to discovery requests.

In reply, defendants contend that Hotwork is obligated to conduct a diligent search and provide responsive documents and that if Hotwork does not possess any responsive documents, the court should compel an unqualified response to that effect.

It is clear to the Magistrate Judge from Hotwork's response to the motion to compel that Hotwork has stated that it does not have any documents in its possession that have not been produced to defendants. Therefore, defendants' motion to compel will be denied as moot.

**C.      Production of a document legend and privilege log**

Defendants assert that Hotwork has failed either to produce documents as they are kept in their usual course of business or to label documents produced to correspond with the categories of its document requests. For this reason, defendants request the court to compel Hotwork to supply a sufficient method of matching the documents produced with the discovery requests to which they are responsive. Defendants also request that Hotwork be compelled to provide them with a privilege log identifying any documents withheld on the basis of a privilege.

In response, Hotwork states that it has produced documents as those documents are kept in their usual course of business and that no documents have been withheld on the basis of any privilege and that it is unaware of any responsive documents in its possession, custody or control that have not been produced on the basis of privilege.

In reply, defendants point out that Fed.R.Civ.P. 34(b) requires that discovery documents either be produced as they are kept in their usual course of business or labeled to correspond with the categories in this request. Defendants assert that Hotwork produced documents in stacks with no discernible organization; therefore, defendants question whether these documents were produced as they were maintained in the ordinary course of business, as it is highly doubtful that Hotwork maintains its documents in stacks without any filing or organization system. For this reason,

defendants argue that Hotwork should be compelled to provide defendants with some means of determining which documents are responsive to which requests. *T.N. Taube Corp. v. Marine Midland Mortgage Corp.*, 136 F.R.D. 449, 456 (W.D.N.C. 1991) (compelling a party to organize stacks of documents in a manner indicating which documents responded to specific requests for production).

If Hotwork produced documents without any being identified in any manner as to which document requests they were responsive to, then Hotwork is obligated to identify which documents are responsive to which document requests.

**D.     Continuation of Hotwork's Rule 30(b)(6) deposition**

Defendants contend that Hotwork should be compelled to produce another corporate representative for a continuation of its Rule 30(b)(6) deposition because the corporate representatives thus far were not adequately prepared and were unable to answer questions related to Topics 4, 5, and 6 of the Notice of Deposition. In the event Hotwork fails to produce a witness who is adequately prepared to testify on Topics 4, 5, and 6, then defendants request the court to exclude any evidence relating to these topics at the court's hearing on damages.

In response, Hotwork argues that given the excessively broad nature of Deposition Topics 4, 5, and 6, it is fully understandable that Hotwork's designees were not able to fully answer every question arguably with the scope of these topics. Elaborating, Hotwork asserts that the inability of its designees to remember all of the locations outside the Franchise Territory where Defendants (not Plaintiff) had performed work is particularly understandable since the only source for that information was the CD provided to Hotworks by Shaun Ahern, which contained (according to Defendants' count) 12,200 documents. For these reasons, Hotwork argues that it was not possible for its two designees, Messers. Hartley and Cobane, to be prepared to answer every conceivable question concerning these 12,200 documents. Therefore, Hotwork argues that defendants are not entitled to a continuation of Hotwork's Rule 30(b)(6) deposition.

In reply, defendants counter that they must determine the complete basis for Hotwork's damages, which are alleged to be in excess of One Million Dollars, through a continuation of Hotwork's Rule 30(b)(6) deposition. Otherwise, defendants contend that Hotwork should be prohibited from introducing any evidence relating to these topics (Topics 4, 5, and 6) at the hearing on damages.

Based upon a review of Hotwork's answers to defendants' Interrogatories, including the Magistrate Judge's rulings on defendants' motion to compel discovery, and Hotwork's Proposed Findings of Fact and Proposed Conclusions of Law, the Magistrate Judge concludes that Hotwork has clearly identified the basis of its claims for damages; therefore, defendants are not entitled to a continuation of Hotwork's Rule 30(b)(6) deposition.

**E.  Waiver of attorney/client privilege**

Defendants also contend that Hotwork has waived the attorney/client privilege as to all communications regarding the calculation of its damages and that as the result of this waiver, defendants are entitled to discover all such communications. As grounds for this contention, defendants rely on an e-mail that Irish Cobane sent to Mike Hartley on October 24, 2006, and copied to Ahern Shaun, concerning a conversation Cobane had with Hotwork's counsel, wherein Hotwork's counsel had requested Hotwork's principals to compile a list of items to request in discovery from defendants that would support Hotwork's claims for monetary damages. See Exhibit 10 to Defendants' Motion to Compel Discovery [DE #60].

In response, Hotwork argues that defendants have mischaracterized the e-mail in question and that a close inspection of this e-mail reveals that it is not a privileged communication that is protected by the attorney/client privilege and that it is no more than a listing of document categories that Mr. Cobane (not Hotwork's counsel) had compiled, at the request of Hotwork's counsel, that Hotwork should request from defendants in discovery that might include evidence to support Hotwork's monetary claims for damages. Consequently, Hotwork asserts that since this e-mail is not and never was protected by the attorney/client privilege, there has been no waiver of the

11

attorney/client privilege concerning its communications with counsel on the subject of the calculation of Hotwork's damages.

In reply, defendants insist that this e-mail revealed the substance of a privileged communication with Hotwork's counsel; therefore, the disclosure of that communication to Shaun Ahern operated to waive the attorney/client privilege as to all communications relating to the same subject matter, Hotwork's damages.

The Magistrate Judge is unpersuaded by defendants' argument that the e-mail in question revealed the substance of a privileged communication with Hotwork's counsel. This e-mail simply mentions that Hotwork's counsel wanted a list of documents the client thought might be relevant to Hotwork's damages claims and requested the client to compile such a list of documents for purposes of requesting from the defendants during discovery. It seems that was the extent of the conversation with counsel, nothing more. There is no indication from a common-sense reading of this e-mail that any advice was given by counsel that was disclosed in the e-mail or that the conversation with counsel was ever intended to be a privileged communication. It is simply too much of a stretch to classify this e-mail as a communication protected by the attorney/client privilege. Therefore, the Magistrate Judge concludes that there was no waiver of the attorney/client privilege by the disclosure of this e-mail to Shaun Ahern.

Accordingly, **IT IS HEREBY ORDERED** that defendants' motion to compel discovery from Hotwork [DE #60] is **GRANTED IN PART** and **DENIED IN PART**, as follows:

1. Hotwork is directed to supplement its answer to Interrogatory No. 1, but only for the purposes of providing defendants with the source of the total sales numbers used to reach the conclusion that defendants underpaid the franchise royalties by $23,110 in the first year of the Franchise Agreement, by $165,614 in the second year of the Franchise Agreement, and by $103,572 in the third year of the Franchise Agreement.

2. Hotwork is directed to supplement its answer to Interrogatory No. 3 by providing the information about Michael Hartley, Irvin Cobane, and Larry Drake that is requested by this interrogatory.

3. Concerning Interrogatory No. 6, Hotwork's response that it has not disclosed the information contained on this CD ROM to anyone other than Mr. Hartley, Mr. Cobane, and Hotwork's counsel is deemed to be a supplemental answer to this interrogatory; Hotwork need not further supplement its answer to this interrogatory.

4. Hotwork is directed to supplement its answer to Interrogatory No. 7 by simply identifying the trade secrets it claims defendants have misappropriated.

5. Defendants' motion to compel Hotwork to produce additional documents responsive to Document Request No. 13 is **DENIED AS MOOT**.

6. Defendants' motion to compel Hotwork to produce additional documents responsive to Document Request No. 17 is **DENIED AS MOOT**.

7. Hotwork is directed to identify the documents it has produced by indicating which documents respond to which document requests.

8. Defendants' motion to compel the continuation of Hotwork's Rule 30(b)(6) deposition is **DENIED**.

9. The e-mail from Irish Cobane to Mike Hartley on October 24, 2006, which was copied to Ahern Shaun, was not a privileged communication protected by the attorney/client privilege; therefore, there has been no waiver of the attorney/client privilege.

10. Hotwork is directed to provide its supplemental discovery responses to defendants within ten (10) days of the date of this Order.

This __2ND__ day of March, 2007.

JAMES B. TODD,
UNITED STATES MAGISTRATE JUDGE