UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

CIVIL ACTION NO. 04-505-KSF

HOTWORK-USA LLC                                                                                       PLAINTIFF

V.                                             **OPINION & ORDER**

EXCELSIUS INT'L LTD., *et al.*                                                                DEFENDANTS

\* \* \* \* \* \* \* \* \* \* \* \* \*

    This matter is before the Court on the defendants'[1] motion for reconsideration [DE #62], wherein the defendants ask the Court to reconsider its denial of the defendants' earlier request to set aside the entry of default against them.

    On September 12, 2006, the Court ordered the Clerk to enter default against the defendants, including defendant Shaun Ahern, for failure to defend in this matter. Thereafter, the defendants moved to set aside the entry of default. After a hearing on said motion, the Court denied the defendants' motion by order and opinion entered October 23, 2006. Therein, the Court concluded that the defendants' culpable conduct had led to the default and that the defendants had exhibited a complete disregard for the judicial proceedings. The Court also concluded that despite the meritorious defenses raised by the defendants, the plaintiff had been prejudiced by the defendants' conduct and the default should not be set aside.

---

[1] For ease of reference, defendants ExCelsius International Ltd., ExCelsius International GmbH, and Frank Schwarzenau will hereinafter be referred to as "defendants." This term is not intended to include defendant Shaun Ahern, unless otherwise noted.

I.       **THE PARTIES' ARGUMENTS**

The defendants now ask the Court to reconsider this ruling, arguing primarily that the plaintiff was never prejudiced by the defendants' inaction in this matter.  Rather, the plaintiff conspired with defendant Shaun Ahern to produce inaction and the default judgment.  The defendants assert that they have only now discovered that the plaintiff has been in possession of all the discovery it originally sought in this action – and then some (such as documents including trade secrets and privileged documents) – since at least January of 2006, or nine months before default was entered.  Further, the plaintiff secretly agreed to release Ahern from personal liability in this case in exchange for his cooperation in the pursuit of default against the defendants.

The defendants assert that while Ahern was still a 50/50 owner of the ExCelsius entities with defendant Frank Schwarzenau, Ahern misled the defendants into abandoning the lawsuit.  While Ahern was negotiating the sale of his stock to Schwarzenau, he was secretly negotiating with the plaintiff to resolve the plaintiff's claims against him in exchange for confidential trade secrets and his assistance in preparing the plaintiff's case against the other defendants.  Ahern admits that he did not tell Schwarzenau of his negotiations with the plaintiff because Schwarzenau would not have gone through with the stock buy-out if Schwarzenau had known.

The defendants argue that the Court's refusal to set aside the entry of default was based, "in critical part," upon the proposition that the plaintiff had been prejudiced because they had never received responses to their discovery requests.  The defendants have since learned that this is not true, that the plaintiff has had all of the documents as requested in discovery since at least January of 2006.  As evidence of this, the defendants point to the fact that the plaintiff's damages calculations did not change after the Court ordered the parties to conduct discovery on damages –

that is because the plaintiff already had everything it needed. The defendants also argue that the documents were not "compromised," as suggested by the plaintiff. The defendants made these documents available for the plaintiff's inspection, but the plaintiff never inspected them. The plaintiff cannot claim prejudice from documents it found unnecessary to even review.

Further, Ahern's misdeeds were never factored into the Court's "good cause" analysis. As a result of these misdeeds, the plaintiff actually has *more* documentation than it would have received through normal discovery. This includes confidential and proprietary business information, as well as privileged information. Next, the defendants assert that their inaction did not in any way deprive the plaintiff of the opportunity to proceed with its motion for preliminary injunction. It was the plaintiff that failed to request a hearing or pursue the injunction, likely because it had sold its assets and ceased business operations in the summer of 2005, rendering the motion moot. As for the passage of time, there is no evidence that any specific witness's memory has faded.

The defendants restate their earlier argument that their conduct was not culpable, as Ahern misled them into inaction. They also argue that the Court should not overlook the plaintiff's own misconduct in this action in securing Ahern's cooperation in this matter and in representing to the Court that they would be prejudiced by a lack of discovery when, in fact, they already had the information in hand. Based on the above, the defendants request that the Court reassess its earlier finding that the plaintiff was prejudiced by the defendants' failure to participate and that the defendants' actions were culpable.

The plaintiff responds that the defendants' "new discoveries" are nothing more than rehashed arguments previously made by the defendants and previously rejected by the Court.

The defendants have known since before the October 17, 2006, hearing on the motion to set aside default that the plaintiff was in possession of a CD containing certain reports of ExCelsius International GmbH.[2]  For the defendants to argue that this information is somehow "new" is disingenuous.

      The plaintiff has still suffered substantial prejudice due to the defendants' inaction in this case.  Aside from its obfuscation of discovery, the defendants' delay successfully frustrated the plaintiff's attempt to stop the loss of goodwill with its European customers.  Loss of goodwill and marketplace harm caused by the defendants' continuing unfair competition using the plaintiff's equipment with the plaintiff's customers was irreparable harm that cannot be regained or even accurately measured at this point.  Regarding the preliminary injunction, by the time the plaintiff obtained the documents in January of 2006, the harm had been completed so there was no use in going forward with the preliminary injunction.  Further, on August 1, 2005, the plaintiff sold substantially all of its assets and ceased active business operations.  Since it no longer competes with the defendants in Europe, a preliminary injunction is now useless for the plaintiff.  Thus, the defendants' contention that the plaintiff suffered no prejudice is wrong – at this point, the plaintiff is relegated to attempting to recover the economic harm it suffered by recovering for the reduction in the value of its assets when they were sold in August of 2005.

      The plaintiff also argues that it was no secret at the October hearing that Ahern was assisting the plaintiff.  This fact is totally irrelevant to whether the defendants defaulted in this case.  Also irrelevant is the relationship between Ahern and Schwarzenau.  It is unclear how an

---

[2]    The plaintiff suggests that it was the production of this CD as part of the briefing that prompted the defendants to re-enter the litigation.

internal dispute between the defendants somehow excuses the defendants' default in this matter. In conclusion, the plaintiff argues that the Court has previously rejected all of these arguments and should not reconsider based on the defendants' rehashed arguments.

## II.  DISCUSSION

In their motion, the defendants essentially argue that there are a number of "new" facts that were never disclosed to the Court which would now render the entry of default in this case a "gross miscarriage of justice" if allowed to stand. The Court disagrees with the defendants' characterization of events. At the time the Court entered its original order declining to set aside the entry of default, the parties and the Court all knew that Ahern had been cooperating with the plaintiff and had provided the plaintiff with documents. While the defendants may, during damages discovery, have become more familiar with the extent of that cooperation and its genesis, it does not render the information "new."

The Court's previous analysis of the defendants' culpability and the substantial prejudice to the plaintiff are unchanged by the arguments advanced by the defendants in this motion. As the Court has determined that the plaintiff has been prejudiced by the defendants' earlier abandonment of their defense, it would not make sense to now reward the defendants for their inaction by setting aside the default and allowing the case to only now go forward on the merits.

Accordingly, the Court, being otherwise fully and sufficiently advised, HEREBY ORDERS that  the defendants' motion for reconsideration [DE #62] is DENIED.

This March 23, 2007.



**Signed By:**

<u>*Karl S. Forester*</u>  *KSF*

**United States Senior Judge**