UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 04-505-KSF

KROWTOH II LLC
fka HOTWORK-USA LLC                                                    PLAINTIFF

V.                              **OPINION & ORDER**

EXCELSIUS INT'L LTD., *et al.*                                         DEFENDANTS

* * * * * * * * * * * * *

This matter is before the Court on the proposed findings of fact and recommendation of

Magistrate Judge James B. Todd [DE #116] and the parties' objections and responses thereto.

By order entered March 5, 2007, this matter was referred to Magistrate Judge James B.

Todd to conduct hearings and submit proposed findings of fact and recommendations on all

dispositive motions, pursuant to 28 U.S.C. § 636(b)(1)(B).  The parties appeared before the

Magistrate Judge on March 26, 2007, April 11, 12, and 30, 2007, and gave evidence regarding

damages to be awarded in this matter.

I.    **BACKGROUND & PROCEDURAL HISTORY**

After the filing of post-hearing memoranda, as well as proposed findings of fact and

conclusions of law and responses thereto, Magistrate Judge Todd issued his proposed findings of

fact and recommendation on December 17, 2007.  Given the extensive nature of the hearing and

the issues presented, the Magistrate Judge's recommendations will not be repeated herein in full.

However, given that one or the other of the parties has objected to almost each and every

conclusion reached by the Magistrate Judge, these will be addressed separately below.  In

summary, the Magistrate Judge recommended that the plaintiff Krowtoh-II LLC f/k/a Hotwork-USA LLC (hereinafter "Hotwork")[1] be awarded judgment in the amount of $781,266.00 for breach of the Franchise Agreement.

As noted above, both parties filed objections to the Magistrate Judge's proposed findings of fact and recommendation. This Court must make a *de novo* determination of those portions of the Magistrate Judge's proposed findings of fact and recommendation to which objection is made. 28 U.S.C. § 636(b)(1)(C). However, defendants ExCelsius International Ltd. (hereinafter "ExCelsius Ltd."), ExCelsius International GMBH ("ExCelsius GMBH"), and Frank Schwarzenau ("Schwarzenau")[2] have also challenged the Magistrate Judge's jurisdiction to consider the issue of damages in this case, an issue that must be addressed first.

## II.   DISCUSSION

### A.   Jurisdiction

The defendants, in a footnote, cite to the Sixth Circuit case of Callier v. Gray, 167 F.3d 977, 982 (6th Cir. 1999), for the proposition that referral to a magistrate judge of a post-default judgment hearing on damages is improper and, therefore, the Magistrate Judge lacked jurisdiction to conduct the damages hearing in this case. Specifically, the defendants object to the referral as being one under 28 U.S.C. § 636(b)(1)(B) and further argue that there is also no

---

[1]   As per the Magistrate Judge's proposed findings of fact and recommendation, the Court will continue to refer to the plaintiff as "Hotwork" although another entity is now using this name. The entity now known as Hotwork-USA LLC and formerly known as TGC Acquisition LLC will be referred to herein as "TGC."

[2]   As with the Magistrate Judge's proposed findings of fact and recommendation, references herein to "the defendants" are to these three entities and not defendant Shaun Ahern, unless otherwise indicated.

jurisdiction under 28 U.S.C. § 636(b)(3).

Irrespective of the fact that the defendants never – until now – objected to the Magistrate Judge hearing evidence on damages in this case, the Court rejects their argument. The Sixth Circuit in <u>Callier</u> clearly upholds a court's referral to a magistrate judge for determination of damages under the catch-all "additional duties" clause of 28 U.S.C. § 636(b)(3). In the present case, like in <u>Callier</u>, the Magistrate Judge has not entered a final decision; his proposed findings of fact and recommendation are subject to the undersigned's ongoing supervision and final decision. Also as in <u>Callier</u>, the Magistrate Judge afforded the defendants a reasonable opportunity to be heard. And, as in <u>Callier</u>, this Court may have initially made the referral under an inapplicable provision, but that did not prove fatal to jurisdiction in <u>Callier</u> and neither does it here. Thus, based upon 28 U.S.C. § 636(b)(3), the Court did not lack jurisdiction to refer the post-default hearing on damages to the Magistrate Judge for a hearing and proposed findings of fact and recommendation.

### B.    Factual Background and Procedural History

The defendants object to several findings contained in the proposed findings of fact. Having reviewed these, the Court finds that they should be overruled with one exception. The Magistrate Judge stated that ExCelsius Ltd. had not provided any reports or fees for work performed outside the franchise territory during the period June 1, 2003, until August 7, 2004. The record indicates that ExCelsius Ltd. did, in fact, provide reports and pay royalties associated with the work performed in China for a company called "APC." However, they reported this as a job "inside the franchise territory," which means they did not pay the additional 10% commission on the job. Thus, the Magistrate Judge's proposed findings of fact and recommendation should

be amended to reflect that a report was provided for the APC China job and the 5% franchise fee

was paid, but that the associated "outside the territory" commission was not paid.

### C.   Operating Fees For Sales Inside the Franchise Territory

The defendants object to the Magistrate Judge's recommendation that Hotwork be

awarded any damages for operating fees for sales inside the franchise territory.  Initially, the

defendants argue that there was no claim in the plaintiff's complaint that ExCelsius Ltd.

fraudulently inflated its expenses in order to reduce the net sales upon which operating fees were

calculated.  While the amended complaint did not specifically mention the fraudulent inflation of

expenses, it did make a claim that the defendants did not pay the required operating fees for all

services in the Franchise Agreement.  A review of the record indicates there was testimony at the

damages hearing that the defendants routinely inflated their expenses, which had the effect of

reducing the net sales figure and the operating fees paid thereon.  Therefore, the defendant's

objection will be overruled.

The defendants also object to the Magistrate Judge's recommendation that the Court use

an expense figure of 17% to calculate net sales figures, arguing that the Magistrate Judge ignored

actual evidence of net sales and the testimony of Schwarzenau.  Stated differently, the defendants

object to the Magistrate Judge's reliance on the testimony of the plaintiff's witness, Michael

Hartley.  After reviewing the record and the Magistrate Judge's analysis, the Court agrees with

the Magistrate Judge's recommendation on this point for the reasons stated therein.

### D.   Operating Fees and Commissions For Sales Outside the Franchise Territory

The defendants raise the same objections to the recommended award of operating fees

and commissions for sales outside the franchise territory – that the Magistrate Judge relied on a

"guesstimate" for a cost figure and ignored the actual documents that were available.  The Court rejects these arguments for the reasons stated in the Magistrate Judge's recommendation.

The defendants also object to any award of damages under the Franchise Agreement after August of 2005 when Hotwork sold its business to TGC on the basis that Hotwork was no longer capable of performing the Franchise Agreement after that date.  The Magistrate Judge concluded that this argument should be rejected because the parties' agreement contained an acceleration clause that was not affected by the sale of assets.  Further, it appears that the sale to TGC did not include either the assets in the possession of the defendants nor the operating fees associated therewith. Finally, the defendants have not pointed to any provision of the Franchise Agreement that Hotwork was no longer able to perform.  Based on this, the Court will overrule the defendants' objections.

### E.     Unpaid Portion of Equipment Lease

The Magistrate Judge concluded that the Franchise Agreement contained an acceleration clause.  Therefore, in addition to requiring the return of the equipment, the defendants' breach of the agreement accelerated the unpaid portion of the equipment lease, which amounted to $341,700.  The defendants make a number of objections to the Magistrate Judge's findings regarding the equipment lease.

First, the defendants argue that the Franchise Agreement did not contain an acceleration clause because it lacked any language stating that *future* payments were deemed to be due on default.  The Magistrate Judge reached a different conclusion, and this Court agrees with the Magistrate Judge.  While the Franchise Agreement did not specifically state that payments were "accelerated" in case of default, it was clear that "all sums and amounts due to [the plaintiff]

*under the terms of this Agreement"* were due immediately.  The Court agrees with the Magistrate

Judge that this included future lease payments.

The defendants also argue that interpreting the Franchise Agreement to include an

acceleration clause constitutes an invalid penalty under Kentucky law.  However, this is only true

where the accelerated payments are "far in excess of the damages that would actually flow from a

breach."  In re Yost, 54 B.R. 818, 822 (W.D. Ky. 1985).  The defendants have not made this

showing and their arguments ignore that the Franchise Agreement was not simply an equipment

lease, but also a franchise agreement which the defendants breached.  A review of the record

indicates that the accelerated payments do not meet this standard and that the plaintiff has not

received a "windfall" of any kind in the Magistrate Judge's award.

The defendants also argue that the Magistrate Judge's failure to discount the award to

present value constitutes an unlawful penalty.  In support, they cite a Kentucky case dealing

solely with an automobile lease.  Moore v. Ford Motor Credit Co., 778 S.W.2d 657, 659 (Ky. Ct.

App. 1989).  The present case involves an agreement with an equipment lease as well as a

franchise agreement and, therefore, the two case are not analogous.  The Kentucky court also

noted that the future lease payments must be discounted to their present value because payments

that were not discounted did not bear a reasonable relationship to actual damages suffered.  As

noted above, the Court does not believe that is true in the present case.  Therefore, this objection

will be overruled.

Finally, the defendants reiterate their argument that the Magistrate Judge erred in not

applying the Uniform Commercial Code.  The Court agrees with the Magistrate Judge that the

parties need not look outside the Franchise Agreement for the appropriate remedies for its

breach, as the plaintiff has elected to pursue those remedies, and further agrees with the Magistrate Judge's analysis of the issue.

### F.   Equipment Damages

As for the damage to the equipment, the defendants argue that the Magistrate Judge improperly awarded the plaintiff the replacement cost of the equipment rather than the fair market value at the time of conversion.  A review of the record indicates that there was testimony to the effect that the fair market value of the equipment *was* equal to the replacement value. While the defendants may not accept this evidence, the Magistrate Judge found, and this Court agrees, that it is sufficient to establish the fair market value of the equipment at the time of conversion.  Further, the Magistrate Judge did not simply accept the full replacement value as offered by the plaintiff as the measure of damages.  The Court is of the opinion that the Magistrate Judge's recommendation accounts for the equipment listed in the Franchise Agreement, the evidence presented at the damages hearing, and awards only the fair market value of the equipment that was not returned.

### G.   Erosion of Sale Price to TGC

Not surprisingly, it is the plaintiff that objects to the Magistrate Judge's recommendation that any erosion of the sale price to TGC not be awarded.  It argues that these damages should be awarded as both general contract damages and special damages, as they were foreseeable based on the language of the Franchise Agreement.  The Court agrees with the defendants that, in its objections, the plaintiff has tried to recast the damages it originally called "price erosion" damages as the value of the lost income stream under the Franchise Agreement.  The plaintiff simply did not present any evidence of fees and commissions due beyond February 2006.

Further, the Court agrees with the Magistrate Judge's conclusion that damages resulting from the erosion in the sale price to TGC were unforeseeable special damages.  While the Franchise Agreement gave the defendants notice of the possibility that the plaintiff might assign its rights to a third party, it did not notify them that they would be held financially responsible for any reduction in that sales price.  Thus, the plaintiff's objection on this point will be overruled.

### H. Piercing the Corporate Veil

The defendants also object to the Magistrate Judge's recommendation that Schwarzenau be held personally liable for the obligations of ExCelsius Ltd.  The Court agrees with the Magistrate Judge's recommendation, as the evidence presented at the damages hearing and the facts deemed admitted in the complaint indicate that both ExCelsius Ltd. *and* ExCelsius GMBH, which actually conducted all work performed under the Franchise Agreement, were instrumentalities of Schwarzenau.

## III. CONCLUSION

Accordingly, the Court, being otherwise fully and sufficiently advised, HEREBY ORDERS that

(1)    the Magistrate Judge's proposed findings of fact and recommendation [DE #116] is ADOPTED as and for the opinion of this Court, with the exception of the amendment noted herein;

(2)    the parties' objections [DE ## 117, 118] are OVERRULED; and

(3)    judgment shall be entered contemporaneously herewith.

This March 24, 2008.



**Signed By:**

**_Karl S. Forester_**  K S F

**United States Senior Judge**